```
                              United States Bankruptcy Court
                               Northern District of Ohio
In re:                                                              Case No. 17-16082-jps
Danita Y. Wilson                                                    Chapter 13
        Debtor              CERTIFICATE OF NOTICE
District/off: 0647-1           User: lsmit              Page 1 of 1              Date Rcvd: Oct 17, 2017
                               Form ID: pdf700          Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 19, 2017.
db             +Danita Y. Wilson,    4538 Warrensville Center Road,    #114E,   North Randall, OH 44128-4153
25114941       +AIY Properties,    2 Summit Park Dr,   Independence, OH 44131-2591
25114944        Emergency Professional Services, Inc.,    P.O. Box 740021,   Cincinnati, OH 45274-0021
25114945      ++GOLD KEY CREDIT INC,    PO BOX 15670,   BROOKSVILLE FL 34604-0122
                (address filed with court: Gold Key Credit Inc.,     P.O. Box 15670,
                 Brooksville, FL 34604-0122)
25114946       +IC Systems Collections,    P.O.Box 64378,   Saint Paul, MN 55164-0378
25114947       +Metro Health,    PO Box 931703,   Cleveland, OH 44193-1811
25114948       +Monroe & Main,    1112 7th Avenue,   Monroe, WI 53566-1364
25114949       +Phoenix Financial Services,    P.O. Box 361450,   Indianapolis, IN 46236-1450
25114950       +Powers Friedman Linn, PLL,    Four Commerce Park Square,    23240 Chagrin Blvd.,   Suite 180,
                 Beachwood, OH 44122-5482
25114951       +Randall Park Apartments,    27800 Cedar Rd.,   Beachwood, OH 44122-1186
25114953       +University Emergency Specialists of Bed.,    44 Blaine Ave,   Bedford, OH 44146-2709
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
25114943        E-mail/Text: CCICollectionsGlobalForms@cox.com Oct 17 2017 22:20:34     Cox Communications,
                 1341 Crossways Blvd.,   Chesapeake, VA 23320
25114942       +E-mail/Text: bankruptcy@consumerportfolio.com Oct 17 2017 22:20:09
                 Consumer Portfolio Services,    PO Box 57071,   Irvine, CA 92619-7071
25114952        E-mail/Text: appebnmailbox@sprint.com Oct 17 2017 22:19:35     Sprint,   Attn: Bankruptcy Dept.,
                 P.O. Box 7949,   Overland Park, KS 66207-0949
                                                                                              TOTAL: 3
```

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 19, 2017                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 13, 2017 at the address(es) listed below:
              Melissa L. Resar   on behalf of Debtor Danita Y. Wilson mresar@ohiolegalclinic.com,
               rauser@bestclientinc.com;nkrenisky@ohiolegalclinic.com;rausermail@ohiolegalclinic.com;rauserlaw@g
               mail.com;cle13ecf@gmail.com;rauserecfmail@gmail.com;chapter13cle@gmail.com;rauserandassociates@gm
               ail.com
                                                                                              TOTAL: 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

In Re: ) Chapter 13 Case No.: 17 - 16082 - JPS
Danita Y. Wilson )
) Judge Jessica Price Smith
)
Debtor(s). ) [✓] Original Chapter 13 Plan
) [ ] Modified Chapter 13 Plan, dated _____

*******************************************************************************

## NOTICE OF SPECIAL PROVISIONS: (Check One)

[✓] This plan DOES NOT include any provision deviating from the uniform plan in effect at the time of the filing of this case.

[ ] This plan DOES contain special provisions that must be and are set forth in paragraph 11 below.

## NOTICE OF DISCHARGE ELIGIBILITY

The Debtor is eligible for discharge unless otherwise indicated below:

[ ] Debtor is NOT eligible for discharge under 11 U.S.C §1328(f).

[ ] Joint Debtor is NOT eligible for discharge under 11 U.S.C §1328(f).

## ATTENTION CREDITORS AND PARTIES IN INTEREST

This plan sets forth how the Debtor or Debtors ("Debtor") propose to pay claims. You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file a timely written objection with the court. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. Creditors must file a proof of claim with the court in order to receive distributions under this plan.

## 1. PAYMENTS

A. The Debtor shall make monthly payments to the Chapter 13 Trustee ("Trustee") in the amount of $410.00 per month ("Plan Payment") for at least the duration of the applicable commitment period, unless all allowed claims are paid in full in a shorter period of time.

B. (Check One)

[ ] The applicable commitment period is 36 months.

[✓] The applicable commitment period is 60 months.

C. Unless the court orders otherwise, the plan will not be considered complete until either (i) all allowed claims are paid in full, or (ii) the plan has run for at least the applicable commitment period and at least the amount specified in paragraph 7 has been paid to unsecured creditors.

D. Trustee may increase the Plan Payment during the term of the plan as necessary to reflect increases, if any, in any conduit payments paid by the Trustee.

1

17-16082-jps    Doc 10    FILED 10/19/17    ENTERED 10/20/17 00:25:03    Page 2 of 6

## 2. DISTRIBUTIONS

**A.** After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) conduit payments as provided for in paragraph 3(C); (iv) monthly payments as provided for in paragraph 5(C); (v) monthly payments as provided for in paragraphs 3(A), 3(B), 4(A), 4(B) and 9; (vi) monthly payments as provided for in paragraph 6; and (vii) general unsecured claims.

**B.** If the Trustee has received insufficient funds from the Debtor to make the conduit payment, the Trustee may accumulate funds until sufficient funds are available for distribution of a full monthly payment. The Trustee may distribute amounts different from the monthly payments specified in the plan if the Trustee determines such deviation is appropriate or reasonably necessary for the administration of the plan.

**C.** Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court orders otherwise, distributions on account of claims in paragraphs 3(A), 3(C), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan. Conversely, distributions on account of claims in paragraphs 3(B), 4(B) and 4(C) will be based upon the classification and amount stated in the plan rather than the classification and amount stated in the claim holder's proof of claim. Unless otherwise set or mandated by statute, interest on all secured personal property claims provided for in this plan shall be paid pursuant to paragraph 4(D).

## 3. CLAIMS SECURED BY REAL PROPERTY

### A. Mortgage Arrearages and Real Estate Tax Arrearages (Paid per the Proof of Claim)

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Note: If the Trustee will not be making the continuing mortgage payments, the Debtor is responsible for paying all post-petition mortgage payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|
| None | | | |

### B. Other Real Estate Claims (Paid per the Plan)

Trustee shall pay the monthly payment amount to creditors up to the amount and interest rate as specified below. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim. Unless the court orders otherwise, upon confirmation, the amount, interest rate and monthly payment specified below will be binding under 11 U.S.C §1327.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| None | | | | |

### C. Conduit Payments

Trustee shall pay the regular monthly mortgage payments beginning with the first payment due after the filing of the case (or the first payment due after the filing of a modified plan if the modified plan proposes to change the treatment of a mortgage from "non-conduit" to "conduit"). Unless real estate taxes and insurance are included in the mortgage payments to be paid by the Trustee pursuant to the Plan, the Debtor shall remain responsible for paying those obligations as they become due. Note: If the Trustee is making the continuing monthly mortgage payments, the mortgage creditor must also be listed in paragraph 3(A) above.

| Creditor | Property Address | Monthly Payment (Paid by Trustee) |
|---|---|---|
| None | | |

### 4. CLAIMS SECURED BY PERSONAL PROPERTY

#### A. Secured Claims (Paid per the Proof of Claim)

Claims specified below are debts secured by a purchase money security interest in a vehicle acquired for the personal use of the Debtor for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. Trustee shall pay the following claims, with interest per paragraph 4(D), in equal monthly payments as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| Consumer Portfolio | 2014 Hyundai Elantra | $220.00 |

#### B. Other Secured Claims (Paid per the Plan)

Claims specified below are debts secured by personal property not provided for in paragraph 4(A) above. Trustee shall pay the allowed claims up to the secured amount, with interest per paragraph 4(D), in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Unless the court orders otherwise, upon confirmation, the secured amount and monthly payment specified below will be binding under 11 U.S.C. §1327.

| Creditor | Collateral Description | Secured Amount | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| None | | | |

#### C. Pre-confirmation Adequate Protection Payments (Paid per the Plan)

Trustee shall pay the monthly payment amount to creditors for pre-confirmation adequate protection as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| Consumer Portfolio | 2014 Hyundai Elantra | $220.00 |

#### D. Interest

The interest rate to be paid on all secured personal property claims provided for in this plan shall be the prime rate plus a risk factor of 2.0%. The applicable prime rate shall be fixed for the life of this plan at the U.S. prime rate shown in the Wall Street Journal for Money Rates as of the date of the entry of the confirmation order. Only through separate order may a party-in-interest obtain court approval to apply a different interest rate. This provision shall not alter interest rates set or mandated by statute.

### 5. DOMESTIC SUPPORT OBLIGATIONS (Paid per the Proof of Claim)

A. Debtor ☐ does ☑ does not have domestic support obligations under 11 U.S.C. §101(14A).

**B.** Specify the holder(s) of any claims for domestic support obligations under 11 U.S.C. §1302(d) unless the holder is a minor. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee in a private document contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address |
|---|---|
| | |

**C.** Trustee shall pay the monthly payment amount to creditors for domestic support obligation arrearages as specified below. Debtor shall pay the holder(s) of non-arrearage claims for domestic support obligations as those payments ordinarily come due unless otherwise specified in paragraph 11 - Special Provisions.

| Creditor | Creditor Address | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|
| | | |

### 6. OTHER PRIORITY CLAIMS (Paid per the Proof of Claim)
Trustee shall pay the monthly payment amount to creditors for allowed unsecured priority claims as specified below.

| Creditor | Monthly Payment (Paid by Trustee) |
|---|---|
| None | |

### 7. GENERAL UNSECURED CLAIMS
Debtor estimates the total of the non-priority unsecured debt to be $7,723.98 . Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of $7,723.98 or 100%, whichever is greater. Trustee is authorized to increase the amount paid to unsecured creditors in order to comply with paragraph 1 of this plan

### 8. PROPERTY TO BE SURRENDERED
A. Debtor surrenders the property described below and the creditor may file a claim for the deficiency, which will be treated as a non-priority unsecured claim. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|
| | |

### 9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (Pay per the Proof of Claim)
All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages as specified below. Debtor shall pay all post-petition payments that ordinarily come due.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|
| | | | |

| Randall Park Apartments | Apartment Lease | $0.00 | $0.00 |

### 10. OTHER PLAN PROVISIONS

**A.** Property of the estate shall revest in the Debtor ☑ upon confirmation. ☐ upon discharge, dismissal or completion. If the Debtor has not made a designation, property of the estate shall revest in the Debtor upon confirmation. Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case. All property in which the Debtor retains possession shall be insured by the Debtor. Trustee shall have no responsibility to insure assets and shall have no liability for damage or loss relating to property which is in the possession and control of the Debtor.

**B.** Notwithstanding the automatic stay, creditors and lessors provided for in paragraphs 3(A), 3(C), and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

**C.** Trustee shall pay any post-petition claim filed and allowed under §1305(a)(1).

**D.** The following co-debtor claims will be paid by the co-debtor outside the plan:

<u>Creditor</u>          <u>Property Description</u>

### 11. SPECIAL PROVISIONS

This plan shall include the provisions set forth in the boxed area below. **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding paragraph 1 of this plan.** Further, these provisions should not contain a restatement of the Bankruptcy Code, Federal Rules of Bankruptcy Procedures, Local Bankruptcy Rules or case law.

---

/s/Danita Y. Wilson
DEBTOR

Date: October 13, 2017

DEBTOR

/s/Melissa L. Resar
ATTORNEY FOR DEBTOR